```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

                                  :
JUDITH BOKINA                     :
                                  :
v.                                :   CIV. NO. 3:08CV1223(WWE)
                                  :
WHITCRAFT LLC and                 :
AO SHERMAN, LLC                   :
```

RULING ON PLAINTIFF'S MOTION TO COMPEL [Doc. #28] and DEFENDANT'S

MOTION FOR FEES AND COSTS

On October 8, 2009, plaintiff filed a Motion to Compel Discovery [Doc. #28]. The parties have engaged in ongoing efforts to resolve the discovery requests at issue and have resolved all but four items. On February 18, 2010, the Court held a telephone conference regarding the outstanding discovery requests and after careful consideration **GRANTS in part and DENIES in part** Plaintiff's Motion to Compel **[Doc. #28]**.

Interrogatory No. 1: Please state each and every performance weakness of the plaintiff - as compared to other employees who were retained after the plaintiff was terminated, or those who were considered for the General Manager position ultimately given to Edward Dombrowski - which you allege was considered in terminating the plaintiff or in not selecting the plaintiff for such General manager position. In doing so please include any documents which relate to the alleged performance weakness as compared to other applicants and/or employees, the date the defendant first became aware of the weakness, and the source[s] of the defendant's information about the alleged weakness.

Defendant objects that this interrogatory is better answered through testimony and suggests that plaintiff inquire of the decision makers at their depositions. The Court agrees. If after plaintiff deposes the decision makers, she is still not satisfied

1

she may request a conference with the Court.

Interrogatory No. 2: If the defendant contends that the plaintiff was terminated or not selected for the General Manager position referred to in Interrogatory No. 1, in part because she lacked a performance strength - as compared to other employees, candidates or applicants considered - please identify each and every strength which you allege the plaintiff lacked but that other employees, applicants or candidates had.  In doing so please include any documents which relate to the alleged strength, the date the defendant first became aware that the plaintiff lacked this strength, and the source[s] of the defendant's information.

Defendant has answered Interrogatory No. 2 by stating that defendant reached a decision on plaintiff's employment based on the lack of value added by the General Manager position; the position was redundant.  If defendants have not stated this answer in writing, they are directed to do so.  Any follow-up should be done by way of deposition.

Interrogatory No. 3: Please state each and every duty or responsibility that the plaintiff had during the two years prior to her termination, and identify any documents which relate to the duties or responsibilities.  For each duty or responsibility, identified in response to Interrogatory No. 3, please identify any documents on which you rely or which relate to your answer.

Defendant has answered Interrogatory No. 3 by stating that they cannot identify what it was plaintiff did.  It was determined that the General Manager position was not needed because there was no identifiable meaningful contribution of the position.  While this answer may be unsatisfying to plaintiff, it is an accurate answer.  If defendants have not stated their answer in writing, they are directed to do so.

<u>Interrogatory No. 4:</u> Please state the identity of each and every person who has performed each duty and responsibility identified in response to Interrogatory No. 3 since the plaintiff's termination, and identify any documents which relate to the duties or responsibilities.  For each duty or responsibility, identified in response to Interrogatory No. 4, please identify any documents on which you rely or which relate to your answer.

Since defendants were unable to identify what plaintiff's duties entailed ,they cannot provide an answer to Interrogatory No. 4.  However, after plaintiff testifies to what her duties included, to the extent these duties are performed by others in the company, defendant is to identify who currently performs these duties.

<u>Defendant's Motion for Fees and Costs</u>

Defendants move the Court for fees and costs associated with defending plaintiff's Motion to Compel.  Defendants argue that when plaintiff's original lead counsel, Attorney Mary Kelly, turned the case over to another attorney in the firm, Attorney Henry Murray, he filed this motion to compel rather than introduce himself as counsel and seek to ascertain the state of discovery.  Attorney Murray relies on an email communication between defense counsel and Attorney Kelly as evidence of the good faith effort required by Local Rule 37.  Neither party is able to produce this email.

While it is Attorney Murray's obligation to attempt to first try and resolve the issues among counsel before bringing them to the Court, the Court does not find grounds for sanctions.  It

appears that confusion was created when the case was transferred between plaintiff's attorneys.  However, since Attorney Murray has entered the case, counsel represents they have been working well together in an attempt to resolve discovery issues.

Counsel are on notice that failure to comply with court orders may result in sanctions including, but not limited to, costs and fees, preclusion of evidence or causes of action, and other appropriate sanctions up to and including dismissal of the case. Fed. R. Civ. P. 37.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport this 21st day of June 2010.

```
    ___/s/_____
    HOLLY B. FITZSIMMONS
    UNITED STATES MAGISTRATE JUDGE
```